**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PEGGY C. JONES,

*Plaintiff-Appellant,*

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

*Defendant-Appellee.*

No. 02-1263

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-99-672-7)

Submitted: January 29, 2003

Decided: February 10, 2003

Before WILKINSON, Chief Judge, and TRAXLER and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Roger W. Rutherford, David S. Bary, WOLFE, WILLIAMS &
RUTHERFORD, Norton, Virginia, for Appellant. Powell M. Leitch,
III, FLIPPIN, DENSMORE, MORSE & JESSEE, Roanoke, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Peggy Jones appeals the district court's order granting summary judgment to defendant UNUM Life Insurance Co. (UNUM) on her claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (2000) (ERISA). Jones claimed that UNUM abused its discretion as insurance plan administrator in denying her claim for long term disability benefits. We affirm.

Jones worked in food operations at Virginia Tech for more than twenty years before she stopped working because of back pain. She filed a claim for disability benefits with her insurer, UNUM. Her policy has a two-part definition of disability. For the first twenty-four months the claimant is not working, the claimant is disabled if she cannot perform her regular duties. After twenty-four months, the claimant is disabled only if she cannot perform any gainful occupation for which she is qualified. UNUM eventually paid benefits for the initial two-year period, but denied further benefits to Jones upon a finding that her condition did not satisfy the more restrictive definition of disability that is applicable after twenty-four months.

This court has developed a well-settled framework for review of the denial of benefits under ERISA plans. Where a plaintiff is appealing the grant of summary judgment, this court engages in a de novo review, applying the same standards that the district court employed. *See Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997). In cases where the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the denial decision must be reviewed for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Brogan*, 105 F.3d at 161. Under this deferential standard, the administrator or fiduciary's decision will not be disturbed if it is reasonable, even if this court would have come to a different conclu-

sion independently. *See Bruch*, 489 U.S. at 115; *Brogan*, 105 F.3d at 161. Such a decision is reasonable if it is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Brogan*, 105 F.3d at 161 (internal quotation omitted).

In cases like this one, when the plan administrator is also the plan's insurer, a conflict of interest exists. To safeguard against the potential for bias on the part of the insurer, a reviewing court must shift the standard of review to the extent necessary to counteract evidence of undue influence. *Elliot v. Sara Lee Corp.*, 190 F.3d 601, 605 (4th Cir. 1999); *Ellis v. Metropolitan Life Ins. Co.*, 126 F.3d 228, 233 (4th Cir. 1997) (characterizing this shifting as a "sliding scale"); *Hines v. UNUM Life Ins. Co.*, 110 F. Supp. 2d 458, 461 (W.D. Va. 2000) ("[T]he amount of deference given to an administrator's denial of benefits is inversely proportional to the degree of self-dealing evident in the record."). We find virtually no evidence of self-dealing in the record, and therefore agree with the district court that the appropriate standard of review remains abuse of discretion, albeit with a concomitant skepticism of unsupported statements of UNUM representatives.

Given this deferential standard of review, we find that substantial evidence supports UNUM's decision to deny benefits. UNUM based its decision on restrictions proposed by Jones's own doctor. The doctor changed his recommendations, but only after UNUM announced its decision to deny additional benefits under the disability definition applicable after twenty-four months, and he did not cite any medical evidence of a change in Jones's condition warranting stricter occupational limitations. In addition, the results of Jones's functional capacity examination were not consistent with an inability to perform any gainful occupation.

Because we find UNUM's decision reasonable, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*